IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAI BROWN,

    Petitioner,

vs.                                          CASE NO. 5:17-cv-29-MCR-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, initiated this case in early 2017 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) After direction by this Court, Petitioner filed an amended § 2254 petition, challenging the forfeiture of gain time he received in connection with two prisoner disciplinary proceedings, rather than challenging his underlying conviction. (ECF No. 9.) As relief, Petitioner requested the restoration of his lost gain time. (*Id.* at 15.)[1] Respondent filed a motion to dismiss in October 2017, arguing that Petitioner failed to exhaust all available administrative remedies and state court remedies regarding his claims and

---

[1] Petitioner also requested money damages as relief; however, this is not appropriate relief in a habeas petition.

that he is procedurally barred from bringing such claims. (ECF No. 24.) Petitioner never responded to that motion to dismiss.

Petitioner was then released from the custody of the Florida Department of Corrections upon the expiration of his sentence on December 1, 2017. (ECF No. 27-1.) Following Petitioner's release, Respondent filed a second motion to dismiss on December 5, 2017, arguing that Petitioner's petition should be dismissed as moot. (ECF No. 27.) Petitioner failed to file a response, and the deadline for doing so has long since passed. The motion is, therefore, ripe for review. For the reasons discussed below, the undersigned recommends that Respondent's motion to dismiss be granted.

## DISCUSSION

In the motion to dismiss, Respondent asserts that the § 2254 petition—challenging disciplinary reports that resulted in the loss of gain time and seeking only the restoration of that lost gain time—is now moot as a result of Petitioner's release from prison. (ECF No. 27 at 2–5.)

"Whether an action is moot involves a jurisdictional issue because it implicates the Article III requirement of a live case or controversy." *Lenoir v. Crews*, No. 4:12cv157-RH/CAS, 2013 WL 3811187, at *3 (N.D. Fla. July 20, 2013) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)).

Once a petitioner's sentence expires, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1988).

Where a petitioner files a § 2254 petition only challenging a disciplinary report and the forfeiture of gain time, no collateral consequence exists after the petitioner is released from prison. Therefore, the petition is moot upon his release as there is no longer a case or controversy to litigate. *See, e.g.*, *Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (holding district court properly dismissed as moot state prisoner's § 2254 petition challenging miscalculation of gain time credits where prisoner was no longer in custody); *Lenoir,* 2013 WL 3811187 (dismissing as moot a § 2254 petition seeking only restoration of allegedly wrongfully forfeited gain time where petitioner was released from prison); *Schmidt v. McNeil*, No. 5:07cv281/RS/MD, 2010 WL 2351461 (N.D. Fla. Apr. 30, 2010) (dismissing as moot a § 2254 petition challenging a disciplinary report and the resulting loss of gain time because the petitioner was released from prison); *Bango v. Mcdonough*, No. 2:05-cv-466/RV/EMT, 2006 WL 3483512 (N.D. Fla. Nov. 29, 2006) (same); *Doss v. Crosby*, 357 F. Supp. 2d 1334, 1335–36 (N.D. Fla. 2005) (even if prisoner

could show gain time was wrongfully forfeited, the court could not grant relief).

Here, Petitioner was released from prison based on the expiration of his sentence. Because his purpose in bringing his § 2254 petition was the restoration of gain time that would provide for immediate release, he no longer has a case or controversy to litigate now that he has been released. *See Lenoir,* 2013 WL 3811187, at *3; *see also Fields v. Sec'y Dep't of Corr.*, No. 5:09cv83/RS/EMT, 2009 WL 1456403 (N.D. Fla. May 22, 2009). Accordingly, the petition is due to be dismissed as moot.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the

district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that:

1. Respondent's Motion to Dismiss as Moot, ECF No. 27, should be **GRANTED** and the petition for writ of habeas corpus, ECF No. 9, should be **DISMISSED as moot**.

2. A certificate of appealability should be **DENIED.**

3. Respondent's First Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus, ECF No. 24, be **DENIED as moot.**

**IN CHAMBERS** this 19th day of March 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic**

**docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.